IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Date:            November 6, 2009

Deputy Clerk:    LaDonne Bush
Court Reporter   Kara Spitler
Interpreter:     Adriana Weisz
Probation:       Jan Woll

Criminal Action No. 08-cr-00307-REB-5

*Parties:*                                      *Counsel:*

UNITED STATES OF AMERICA,                       Michele Korver

    Plaintiff,

v.

5.  LORENZO PALOMO-MAGALLANES                   Douglas Romero

    Defendant.

SENTENCING MINUTES

11:12 a.m.    Court in session.

Defendant is present in custody.

**On May 1, 2009, the defendant plead guilty to Count One of the Superseding Indictment and admitted the forfeiture allegation.**

Interpreter is qualified and sworn.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addenda.

1

Counsel for the government confirms that counsel has read the presentence report and addenda.

Counsel for the defendant informs the Court that counsel has read and discussed the presentence report and addenda with the defendant.

Defendant's counsel makes a statement on behalf of the defendant.

The defendant is sworn.

Statement by the defendant.

Court receives and reads the letter from the defendant.

Statement by counsel for the government.

The Court has considered all relevant matters of fact and law.

The Court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1, 1A, 2, and 2A is formally approved;

2. That the United States §5K1.1 Motion for Downward Departure Based on Substantial Assistance (Doc. 420) is granted;

3. That the Motion to Dismiss Counts 7 and 8 of the Superseding Indictment as to Defendant Palomo-Magallanes (Doc. 421) is granted.

4. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count One of the Superseding Indictment;

5. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of 60 months;

6. That on release from imprisonment, the defendant shall be placed on supervised release for a term of five years;

7. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

- all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d);

- all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

- the following explicit or special conditions of supervised release:

    - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any country or place where defendant may be during the term of supervised release;

    - that the defendant shall not possess or use illegally controlled substances;

    - that the defendant shall not possess or use any firearm, destructive device or dangerous weapon as defined under federal law at 18 U.S.C. § 921;

    - that the defendant shall cooperate in the collection of a sample of his DNA;

    - that if the defendant is removed from this country, then defendant shall not re-enter or return to this country without the advance, express consent of the Secretary of the Department of Homeland Security or her designee;

    - that if the defendant is removed from this country and granted express consent to return, then he shall report to the nearest United States Probation Department within 72 hours of his lawful return to this country; and

7. That no fine is imposed;

8. That the defendant shall pay the special victim's fund assessment fee of $100.00 U.S.;

9. That the mandatory drug testing provisions of 18 U.S.C. § 3583(d) are waived;

10. That an order and judgment of forfeiture shall be entered pursuant to the plea agreement of the parties and pursuant to Fed.R.Crim.P. 32.2 (B)(3) and the provisions of 18 U.S.C. § 924 (D)(1) as incorporated by 28 U.S.C.

     §2461 and 21 U.S.C. §853 based on his admission to the forfeiture allegations in Count 26 of the Superseding Indictment;

11. That presentence credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585; and

12. That the defendant is remanded to the custody of the United States Marshal.

The defendant waives formal advisement of the right to appeal the sentence imposed by the Court.

11:37 a.m.   Court in recess.

Time: 00:25

Hearing concluded.